UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony Rorrer, | ) | CASE NO: 5:11CV1024 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| City of Stow, et al., | ) | (Resolving Doc. 24) |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on a partial motion to dismiss filed by Defendant William Kalbaugh (Doc. 24).  Having reviewed the pleadings, briefs, and applicable the law, the Court hereby GRANTS the partial motion to dismiss.

**I. Facts**

Plaintiff Anthony Rorrer filed this suit on May 19, 2011 against Defendant City of Stow and its fire chief William Kalbaugh.  Rorrer's amended complaint includes claims under the ADA and Ohio law equivalent, and a First Amendment retaliation claim that names both the City and Kalbaugh.

In the First Amendment claim, Rorrer alleges that he testified at a private arbitration proceeding on behalf of a fellow firefighter, Rodney Yoder.  Rorrer gave sworn testimony and ultimately the arbitrator ruled in favor of Yoder.  Specifically at issue were allegations that Yoder physically accosted another firefighter, Richard Smith.  Rorrer witnessed the incident and apparently testified that Smith was the aggressor.  The amended complaint contends that Kalbaugh expressed a discriminatory animus toward

every person that testified on Yoder's behalf. Rorrer also contends that this animus contributed to his ultimate termination.

On October 26, 2011, Kalbaugh moved to dismiss the First Amendment claim against him. Specifically, Kalbaugh argues that Rorrer's speech was not a matter of public concern and that even if it were a matter of public, Kalbaugh is entitled to qualified immunity. Rorrer has opposed the motion, and Kalbaugh has replied. The Court now resolves the motion.

## II. Legal Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id*.  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### III. Analysis

Kalbaugh's motion to dismiss contains two purely legal arguments.  First, Kalbaugh asserts that the pleadings fail to establish that Rorrer was speaking on a matter of public concern and therefore his First Amendment retaliation claim must fail.  The Court agrees.

"[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006); *see also Connick v. Myers*, 461 U.S. 138, 143 (1983). To establish that his speech was constitutionally protected, a public employee such as Rorrer must show that he was speaking as a private citizen, rather than pursuant to his official duties; that his speech involved a matter of public concern; and, if so, that his interest as a citizen in commenting on the matter outweighed "'the interest of the State, as an employer, in promoting the efficiency of the public services it performs

through its employees.'" *Garcetti*, 547 U.S. at 417 (quoting *Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205*, 391 U.S. 563 (1968)).

As noted above, Kalbaugh asserts that Rorrer's speech did not touch on a matter of public concern. Speech involves a matter of public concern when it can fairly be considered to relate to "any matter of political, social, or other concern to the community." *Connick*, 461 U.S. at 146. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Id*. at 147–48. It is not necessary for the entire expression to address matters of public concern, as long as some portion of the speech does. *Id.* at 149. While motive for the speech is a relevant factor, the Sixth Circuit has explained that "the pertinent question is not *why* the employee spoke, but *what* he said." *Farhat v. Jopke*, 370 F.3d 580, 591 (6th Cir. 2004) (emphasis in original).

While addressing the Petition Clause of the First Amendment, the Supreme Court has recently held as follows: "A petition filed with an employer using an internal grievance procedure in many cases will not seek to communicate to the public or to advance a political or social point of view beyond the employment context." *Borough of Duryea, Pa. v. Guarnieri*, 131 S.Ct. 2488, 2501 (2011). The *Guarnieri* Court also went to great lengths to note that its analysis of the Petition Clause claim was driven by Speech Clause and precedent. Accordingly, Rorrer's attempts to avoid application of *Guarnieri* are unavailing.

"When speech takes the form of an internal employee grievance, and is not presented to the public, the form cuts against a finding of public concern. *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1104 (9th Cir. 2011) (quotation omitted). When a

4

public employee's contested speech occurs in the context of an internal power struggle or personal employment grievance, this will militate against a finding of public concern." *Id.* Thus, any analysis of the content of Rorrer's speech leads to the inescapable conclusion that it did not touch on a matter of public concern.

Rorrer, however, asserts that the form of his speech, sworn testimony in a union arbitration, compels a finding that his speech was a matter of public concern. In support, Rorrer relies upon *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565 (5th Cir. 1989). The *Johnston* Court held as follows: "When an employee testifies before an official government adjudicatory or fact-finding body he speaks in a context that is inherently of public concern." *Id.* at 1578. Rorrer reads the disjunctive nature of this sentence to mean testimony before *any* fact-finding body. The Court disagrees. A more logical reading of the *Johnston* holding would apply the adjectives "official" and "government" to both "adjudicatory" and "fact-finding." In other words, *Johnston* stands for the proposition that testimony before any official government entity, whether that entity is fact-finding or adjudicatory, would touch on a matter of public concern. Moreover, persuasive authority has "rejected a blanket rule according absolute First Amendment protection to communications made in the course of a lawsuit." *Wright v. Illinois Dept. of Children and Family Srvs.*, 40 F.3d 1492, 1505 (1994). "Such a rule would contravene both the rationale of cases like *Connick* and *Pickering* that public employee speech is protected against employer retaliation only if it addresses matters of public concern and the premise of *McDonald v. Smith*, 472 U.S. 479, 484-85 (1985), that there is no sound basis for granting greater constitutional protection to statements made

under the Petition Clause than to other run-of-the-mill speech or expression." *Id.*[1] While the Sixth Circuit has not weighed in on this split, the Court notes that even the cases involved in the split involve official legal proceedings. From the Court's review, none involved a private arbitration. As such, the weight accorded to *Johnston* is lessened even more.

Furthermore, courts have consistently held that the most important aspect to be examined when determining the public concern prong is the subject matter of the speech. *See Jackson v. Bair*, 851 F.2d 714, 720 (4th Cir. 1988) ("Form and context may of course in some cases give special color to speech, tipping it one way or the other on the public concern-private grievance spectrum. … But content, subject-matter, is always the central aspect."); *Desrochers v. City of San Bernadino*, 572 F.3d 703, 710 (9th Cir. 2009) ("First and foremost, we consider the content of the speech, the greatest single factor in the *Connick* inquiry." (citation and quotation omitted)).

It is clear from the allegations in the amended complaint that Rorrer's testimony involved solely a matter of private concern – the discipline of a co-worker. While Rorrer may have been involved with his union at some point, the complaint makes clear that he testified truthfully not as a matter concerning the union, but because he witnessed the incident and felt his co-worker was being unfairly disciplined. Accordingly, the content of his speech was fully a matter of private concern, never touching on public concerns at any point in time.

As this Court finds that the content of the speech was purely private, its setting (a confidential arbitration proceeding) was purely private, and only its form (under oath)

---

[1] The Circuit split on this issue is more fully discussed in *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 926 n.6 (9th Cir. 2004) (noting the per se rule adopted by the Third and Fifth Circuits, but rejected by the Fourth, Seventh, Eighth, and Eleventh).

would arguably give it First Amendment protection, the Court finds the partial motion to dismiss well taken. Rorrer's speech was not a matter of public concern under the tests set forth by the Supreme Court. Accordingly, his claim fails as a matter of law.[2]

### IV. Conclusion

Kalbaugh's motion to dismiss the First Amendment claim against him in the amended complaint is hereby GRANTED.

IT IS SO ORDERED

January 5, 2012          /s/ Judge John R. Adams
Date          JUDGE JOHN R. ADAMS
         UNITED STATES DISTRICT COURT

---

[2] Since the Court finds that the speech does not touch on a matter of public concern, it need not address the arguments surrounding qualified immunity.