UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony Rorrer, | ) | CASE NO.: 5:11CV1024 |
| | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| City of Stow, et al., | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | (Resolves Doc. 62) |

This matter appears before the Court on Defendant City of Stow's motion in limine seeking to prohibit discovery involving firefighters outside of the City of Stow.   Specifically, Stow seeks to prohibit discovery with respect to 1) firefighters that worked alongside Plaintiff Anthony Rorrer in Tallmadge and Mogadore respectively, and 2) two firefighters from other communities in Ohio that have monocular vision.   The Court now resolves the motion.

The Federal Rules of Civil Procedure contemplate broad discovery. Rule 26(b)(1) permits discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). Rule 26(b)(1)'s broad scope, however, is tempered by Rule 26(b)(2), which grants "district courts ... discretion to limit the scope of discovery where the information sought is overly broad or would prove burdensome to produce." *Surles v. Greyhound Lines, Inc.*, 474 F.3d

288, 305 (6th Cir. 2007) (citing Fed.R.Civ.P. 26(b)(2)).  Rule 26(b)(2)(c) further mandates the court to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(iii); *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978) (Rule 26 "does not, however, permit a plaintiff to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive.").

In the instant matter, Rorrer has brought claims for handicap discrimination under Ohio and federal law.   In an effort to support his claims, Rorrer seeks discovery from firefighters that he recently or currently works with in Tallmadge and Mogadore.   Stow contends that because each municipality is different, these firefighters can offer no relevant evidence.   In so doing, Stow ignores the significant overlap of responsibilities present in all fire departments.

For example, Stow terminated Rorrer asserting that he could not safely perform the essential functions of his job.   These functions include climbing ladders, using a fire extinguisher, and driving a truck with lights and sirens.   It is unclear from Stow's argument how testimony that Rorrer is **actively** performing these very functions could be found to be irrelevant.   While the parties may, and most certainly will, disagree over the weight to be given to such testimony, the testimony certainly is relevant to Rorrer's claim that he is fully capable of safely performing the job functions at issue and that the stated reason for his dismissal was pretextual.   Accordingly, with respect to these firefighters that personally observed Rorrer engage in certain activities with his monocular vision limitation, the motion in limine is DENIED.

Rorrer also seeks discovery from two firefighters that he claims have monocular vision and are currently serving as firefighters in Cincinnati and Washington Courthouse, Ohio.   In this

regard, the Court finds Stow's motion well taken.

Rorrer once again asserts that this testimony is relevant because it demonstrates that an individual with his condition can safely perform the essential functions of a firefighter. Assuming *arguendo* that such testimony would have some relevance, the burden in obtaining such evidence far outweighs any benefit it might provide.   Contrary to Rorrer's assertions, if he seeks discovery from these firefighters, Defendants would be entitled to review the medical records of both these non-parties.   The process for obtaining those records would certainly be lengthy, time-consuming, and expensive.   Rorrer contends that "the fact that the firefighter has monocular vision is the only pertinent inquiry."  Doc. 64.  However, this presupposes that all monocular vision impairments are identical.   Of course, no reasonable defendant would simply *assume* that these firefighters' impairments are identical to Rorrer's impairment.   Instead, the particular impairment of each of these firefighters would be examined, opening their medical records to scrutiny.

Beyond the need to obtain these medical records, Defendants would also be forced to seek discovery regarding the fire departments that currently employ these firefighters.  Defendants would be entitled to know the size of the department, the routine functions performed by each firefighter, the safety standards adopted by each department, and whether any accommodations had been made for the firefighters with monocular vision.   Once all that information was gathered, a tremendous amount of expense will have been incurred.

While that expense would be incurred, it is unclear what value this testimony could have in this matter.   Absent a finding that the impairments of the other firefighters are *identical* to that of Rorrer, the testimony would likely be wholly inadmissible.   Moreover, any such evidence would be cumulative of Rorrer's own testimony regarding his abilities, coupled with the testimony of the

firefighters that directly observed him.  Accordingly, this portion of the motion in limine is GRANTED.

The motion is limine is GRANTED IN PART and DENIED IN PART as detailed herein.

IT IS SO ORDERED.


February 16, 2012                          /s/ John  R  Adams
                                           JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT JUDGE