UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RORRER, | ) | CASE NO.:  5:11CV01024 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | **DEFENDANT CITY OF STOW'S REPLY** |
| | ) | **BRIEF IN SUPPORT OF MOTION TO** |
| CITY OF STOW, et al., | ) | **STRIKE** |
| | ) | |
| Defendants. | ) | |

Now comes Defendant City of Stow and hereby files its Reply Brief in Support of its Motion to Strike Declarations of Rod Yoder, Aaron Packard, Jerome Miller and Steve Wood. What is telling in his Opposition Brief is that Plaintiff has asserted a number of irrelevant or, at best, tangential points, apparently in a misguided yet obvious effort to deflect attention away from the key underlying reason why Defendant Stow filed this Motion to Strike.  Namely, that Plaintiff simply never included the names of Rod Yoder, Aaron Packard, Jerome Miller, or Steve Wood on his January 18th Witness List despite the specific Order of this Court that witnesses Plaintiff would rely upon be included on that list.  (See Doc #: 47.)  It is also notable that Plaintiff has done nothing to dispute that he failed to submit a final, signed Declaration of Steve Wood by this Court's June 15th deadline.  Wood's "corrected" and signed declaration, submitted five days late on June 20th, should be stricken as untimely.

The Court clearly and expressly ordered that "Plaintiff shall identify the five witnesses from his list most likely to be utilized at trial in this matter to facilitate any future depositions." (Doc #: 47 at 1.)  The Court further ordered that "[a]ny witness that has not has not been identified by the end of this 14 day period will not be permitted to be utilized at trial absent

extraordinary circumstances." *Id.* That Yoder, Packard, Miller, and Wood were not on Plaintiff's January 18, 2012 Witness List is sufficient basis alone to grant Stow's instant motion.

If Stow's Motion to Strike is denied, then it is respectfully submitted that Stow will suffer substantial prejudice by being forced to contend with factual allegations in declarations of four people who were never identified on Plaintiff's Witness List, and who (absent extraordinary circumstances) cannot testify at trial. Perhaps even worse, the whole intent of this Court's January 6, 2012 Order (to facilitate future depositions while discovery was ongoing) would be rendered meaningless.

What Plaintiff's Brief in Opposition to the instant Motion to Strike truly reveals is how unhappy he is with having to comply with this Court's January 6th Order and also that he may now have to live with the consequences of his violating it. Defendant respectfully submits that its Motion to Strike be granted so that the Declarations of Yoder, Packard, Wood and Miller are stricken from the record in their entirety, and as this Court's January 6, 2012 Order requires.[1]

Finally, despite Plaintiff's claims in his Opposition to Defendant's Motion to Strike, Defendant City of Stow and its counsel deny that they ever acted to "mislead the Court," be "disingenuous," make "plain misrepresentations" and "false arguments" or otherwise engage in "contrived procedural subterfuge" or "general misconduct" or any other improper acts as alleged by Plaintiff. Rather than further dignifying with a response such inaccurate statements by Plaintiff in his Brief in Opposition concerning the conduct of Defendant Stow, Stow's counsel

---

[1] Regrettably, Plaintiff continues to resort to inaccurate statements in his Brief in Opposition to Defendant's Motion to Strike. For example, on page two of his brief, he states that "no depositions had been taken" when filing his Witness List by January 18, 2012. (Plaintiff's Opposition at 2.) On page three, he essentially reiterates that he "could not possibly know at such an early juncture the exact witnesses he would call, as no depositions had taken place." *Id.* at 3. This is simply incorrect. When Plaintiff filed his Witness List January 18th, his own deposition had already been taken on December 22, 2011, Stow's former human resources representative Patrick Graham's had been taken December 23, 2011, Defendant William Kalbaugh's had been taken January 3rd and Stow's Fire Department Physician Dr. Moten's had been taken January 6th.

and even this Court, Stow will simply reaffirm that for the reasons hereinabove and in its Motion to Strike Declarations of Yoder, Packard, Miller and Wood, said motion should be granted.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Neil S. Sarkar*
NEIL S. SARKAR (0068406)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
Email: nsarkar@mrrlaw.com

Counsel for Defendant City of Stow

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2012, a copy of the foregoing Defendant City of Stow's Reply Brief in Support of Motion to Strike Declarations of Rod Yoder, Aaron Packard, Jerome Miller and Steve Wood was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Neil S. Sarkar*
NEIL S. SARKAR (0068406)

Counsel for Defendant City of Stow

SCOT-090081/Reply Brief in Support of Mtn to Strike

3